**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOE HAND PROMOTIONS, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-1462-L** |
| | § | |
| **SANTOS LEIJA, Individually and as an** | § | |
| **officer, director, shareholder and/or** | § | |
| **principal d/b/a Eddie's Back Bar,** | § | |
| | § | |
| Defendant. | § | |

**AMENDED MEMORANDUM OPINION AND ORDER**

The Memorandum Opinion and Order issued on March 19, 2014, contained an incorrect date. Accordingly, the court **issues** this Amended Memorandum Opinion and Order and **vacates** the Memorandum Opinion and Order issued March 19, 2014.

Before the court is Plaintiff's Motion for Default Judgment, filed August 28, 2013. After careful consideration of the motion, brief, appendix, record, and applicable law, the court **grants** Plaintiff's Motion for Default Judgment.

## I.      Procedural and Factual Background

Joe Hand Promotions, Inc. ("Joe Hand" or "Plaintiff") filed this action against Santos Leija, individually, and as an officer, director, shareholder, or principal d/b/a Eddie's Back Bar ("Leija" or "Defendant") on April 14, 2013. By way of Plaintiff's Complaint, Joe Hand brought suit against Defendant pursuant to the Communications Act of 1934, 47 U.S.C. §§ 553, 605 (the "Act"), contending that he violated this statute on May 29, 2010, by his unauthorized and illegal interception or receipt and exhibition of the "U.F.C. 114: Rampage v. Evans" Broadcast (hereinafter "Broadcast") at his commercial establishment.

**Amended Memorandum Opinion and Order – Page 1**

Leija was personally served with a copy of the summons and Complaint in this action on June 26, 2013.  He was required to answer or otherwise respond to the Complaint by July 17, 2013, 21 days after service of the Complaint.  *See* Fed. R. Civ. P. 12.  Leija did not answer or otherwise respond.  Joe Hand requested an entry of default, and the clerk of the court entered a default against Defendant on August 9, 2013.  By its motion, Plaintiff seeks a default judgment, statutory damages, additional damages for willful conduct on the part of Defendant, a permanent injunction, attorney's fees, and costs.

## II.     Analysis

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law.  Fed. R. Civ. P. 55(a).  Under Rule 55(a), a default must be entered before the court may enter a default judgment.  *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  The clerk of the court has entered a default against Leija.

Leija, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted).  In other words, the well-pleaded allegations of the Complaint establish that Leija exhibited the Broadcast without a license and without authorization from Plaintiff.  Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Leija is in default and that Joe Hand is entitled to a default judgment, appropriate damages, injunctive relief, attorney's fees and costs.

### A.     Damages

In Plaintiff's Motion for Final Default Judgment, it asks the court to award $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and $50,000 in additional damages

pursuant to 47 U.S.C. § 605(e)(3)(C)(ii).  Section 605 of the Act provides that an aggrieved party may not recover an award of statutory damages of more than $10,000 (for each violation of subsection (a) of section 605 of the Act). 47 U.S.C. § 605(e)(3)(C)(i)(II).  The amount of statutory damages requested by Plaintiff falls within the amount allowed by statute, and the court finds that the amount of $10,000 in statutory damages is reasonable.

With regard to additional damages under subsection (C)(ii) of the Act, the conduct alleged in the Complaint amounts to "willful" conduct, thereby allowing Plaintiff to recover additional damages under 47 U.S.C. § 605(e)(3)(C)(ii). *See Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("There can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems.").  The court in its discretion may increase the amount of damages by an amount of not more than $100,000 for each violation of subsection (a).  47 U.S.C. § 605(e)(3)(C)(ii).  To deter pirating of cable and satellite broadcasts, courts have applied multipliers of three to eight times the statutory damages as additional damages. *See Kingvision Pay-Per-View , Ltd. v. Scott E.'s Pub, Inc.*, 146 F. Supp. 2d 955, 960 (E.D. Wis. 2001) (discussing cases applying multipliers of three to eight times the statutory damages as additional damages in order to deter future violations); *see also Cablevision Sys. Corp. v. Maxie's N. Shore Deli Corp.*, No. CV-88-2834 (ASC), 1991 U.S. Dist. LEXIS 4874, at *6, 1991 WL 58350, at *2 (E.D.N.Y. 1991) (awarding additional damages for willful violation under section 605 in the amount of five times the initial statutory damages award). Defendant did not exhibit the Broadcast innocently; it was intentionally and knowingly done for financial gain.

**Amended Memorandum Opinion and Order – Page 3**

The multiplier of five times in this case is reasonable, considering the event was exhibited on two televisions and one projection screen to as many as twenty-two patrons and the importance of deterring future violations.  The court determines that such damages are ascertainable from the Complaint and the record, and awards Plaintiff $50,000 as additional damages.  Accordingly, Plaintiff is entitled to a total amount of **$60,000** in damages.

### B.      Permanent Injunction

Plaintiff further requests that the court permanently enjoin Defendant from ever intercepting or exhibiting an unauthorized program in violation of the Act.  The relevant section of the statute permits courts to grant a final injunction "on such terms as it may deem reasonable to prevent or restrain violations" of the Act. 47 U.S.C. § 605(e)(3)(B)(i).  After a careful review of the evidence and authority, the court determines that the four factors necessary for a permanent injunction have been satisfied, and such injunctive relief is appropriate.  Accordingly, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendant, Defendant's officers, agents, servants, employees, and attorneys and those persons in active concert or participation with Defendant are forever enjoined from ever intercepting or exhibiting an unauthorized program in violation of the Act.

### C.      Costs and Attorney's Fees

The Act requires the court to "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."  47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff Joe Hand requests attorney's fees from Defendant in the amount of one-third of the actual and additional damages awarded to prosecution of this case through default judgment, which would result in an award of $20,000.  Plaintiff cites some authority for the proposition that a one-third contingency fee is reasonable for the prosecution of an antipiracy case.  The court, however,

believes that such an award in this case would be unreasonable and result in an unjustified windfall

to Plaintiff.  This is so because Plaintiff's counsel prosecutes numerous cases of this nature and

uses forms that only need to be changed with respect to the day an event is broadcast, the name of

the defendant or defendants who committed the violations, and the facts that support the violations.

The court determines that the lodestar approach (the reasonable number of hours multiplied by a

reasonable hourly rate) should govern the award of attorney's fees and will use that methodology.

Plaintiff's counsel, Ms. Jamie King, has been licensed by the State of Texas since 1989.

Her practice primarily consists of handling matters involving creditor's rights, antipiracy,

construction law, commercial litigation, business organizations, and business transactions.  On

March 7, 2014, in another case, *Joe Hand Promotions, Inc. v. Lagene Valdez, et al.*, Civil Action

No. 3:13-CV-1679-L, the court awarded Ms. King attorney's fees at an hourly rate of $250.  The

court believes this rate to be reasonable in light of her ability, competence, and experience.

Although Plaintiff's counsel has produced no time records setting forth the number of hours

expended, the court, based on its review of the docket sheet and its familiarity in setting fees in

these kinds of cases, determines that ten hours were reasonable and necessary to prosecute this

case.  Accordingly, the court determines that Plaintiff is entitled to an award of attorney's fees in

the amount of **$2,500.**

## III.    Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Motion for Final Default

Judgment.  The court concludes that a default judgment is appropriate on behalf of Plaintiff in the

amount of **$60,000**, plus postjudgment interest thereon at the applicable federal rate of **.12%**.

Further, the court **permanently enjoins** Defendant, Defendant's officers, agents, servants,

employees, and attorneys and those persons in active concert or participation with Defendant from

**Amended Memorandum Opinion and Order – Page 5**

intercepting or exhibiting an unauthorized program in violation of the Act.  The court also **awards** Plaintiff reasonable attorney's fees in the amount of **$2,500** and taxes all allowable and reasonable costs against Defendant.  In accordance with Rule 58 of the Federal Rules of Civil Procedure, a default judgment will issue by separate document.

**It is so ordered** this 20th day of March, 2014.

Sam A. Lindsay
United States District Judge